FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 FEB 27 AM 9:32
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

```
JONATHAN SMITH,                      *
                                     *
     Plaintiff,                      *
                                     *
     v.                              *    CV 318-079
                                     *
COLLECTION RECOVERY SOLUTIONS        *
INTERNATIONAL, LLC; and ROBERT       *
ADAMSON,                             *
                                     *
     Defendants.                     *
                                     *
```

## ORDER

Before the Court is the parties' consent motion to change venue. (Doc. No. 16.) Following Defendants' motion to dismiss for improper venue, the parties agreed to transfer this case to the Northern District of Georgia, pursuant to 28 U.S.C. § 1404(a). For the reasons discussed below, the parties' motion is **GRANTED**.

On October 24, 2018, Plaintiff filed this action in the Dublin Division of the Southern District of Georgia. Plaintiff alleges a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* and under the Georgia Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq.* (Am. Compl., Doc. No. 12, ¶¶ 53-67.) Plaintiff resides in Dublin, Georgia, but Defendant Collection Recovery Solutions International, LLC ("Defendant CRSI") and Defendant Adamson are both located in the Northern

District of Georgia. Defendant CRSI's registered agent for service of process is located in Roswell, Georgia, and Defendant Adamson may be served at his address in Marietta, Georgia. (Id. ¶¶ 9, 11.)

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The statute necessarily requires a two-step analysis. First, a court must determine is the transferee district is one where the case might have been brought. See Game Controller Tech. LLC v. Sony Comput. Entm't Am. LLC, 994 F. Supp. 2d 1268, 1272-73 (S.D. Fla. 2014) ("An action might have been brought in a transferee district if that district has subject matter jurisdiction over the action, venue is proper, and the parties are amenable to service of process in the transferee forum."). Second, a court must decide whether the convenience of the parties and witnesses, the interests of justice, and other relevant factors favor transfer. See Hampton-Muhamed v. James B. Nutter & Co., 687 F. App'x 890, 892 (11th Cir. 2017); see also Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (listing other factors such as the location of relevant documents and the relative ease of access to sources of proof, the locus of

2

operative facts, and the weight accorded to a plaintiff's forum choice).

Here, the parties have consented to the Northern District of Georgia. Under Section 1404(a), this permits transfer so long as the applicable factors justify the transfer. See 15 Charles Alan Wright et al., Federal Practice and Procedure § 3845 at 82 (4th ed. 2012) (consent motion "permits transfer even to a district that is not a proper venue and that does not have personal jurisdiction over the defendant. . . . [H]owever . . . transfer must be justified under the factors applicable to Section 1404(a) motions"). Regardless, both Defendants reside in the Northern District of Georgia, thereby making it a district in which the case could have been brought. See 28 U.S.C. § 1391(e)(1) (venue is proper is any district where a Defendant resides).

Accordingly, the relevant question here is whether the Section 1404(a) factors favor transfer. Litigating in the Northern District of Georgia will undoubtedly convenience Defendants, as that is the district in which they both reside. Further, the Northern District is where Defendants committed the alleged statutory violations and where sources of proof are located. In fact, the state judgment and Summons of Garnishment that underlies this action for unfair debt collection practices was rendered in Fulton County State Court. (See Am. Compl. Ex. A.) Although Plaintiff initially chose this district as a forum for his case,

3

his consent to this motion obviates the need to place much weight on that choice. On balance, the interests of justice favor transferring this case to the Northern District of Georgia.

Accordingly, the parties' consent motion to transfer venue (doc. no. 16) is **GRANTED**. The Clerk **SHALL TRANSFER** this case to the **UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION**. Further, Defendants filed a notice of withdrawal of their previous motion challenging venue in this Court (doc. no. 17), therefore Defendants' motion to dismiss for improper venue (doc. no. 15) is **DENIED AS MOOT**. Finally, because Plaintiff filed an amended complaint[1] after Defendants' motion to dismiss for failure to state a claim, Defendants' first motion to dismiss (doc. no. 10) is **DENIED AS MOOT**. See Tri-State Consumer Ins. Co., Inc. v. LexisNexis Risk Sols. Inc., 823 F. Supp. 2d 1306, 1315 (N.D. Ga. 2011). Following transfer, the Court **DIRECTS** the Clerk to **TERMINATE** all deadlines and motions and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of February, 2019.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff filed his amended complaint within twenty-one days of Defendants' Rule 12(b)(6) motion, in compliance with Rule 15(a)(1)(B)'s time limits for amending as a matter of course.